IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,946-10






EX PARTE GARY EDWARD BROCK SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10519 IN THE 29TH DISTRICT COURT


FROM PALO PINTO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to thirty-six years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because, inter alia, his plea was induced
by improper threats from his attorney. Specifically, he alleges that his lawyer had him sign "blank
forms" and, among other things, threatened that he would work with the District Attorney's office
to have Applicant sentenced for the maximum punishment. Applicant alleges that counsel made
similar threats when Applicant's family was unable to pay the entire fee for counsel's representation.
Applicant also alleges that counsel was ineffective for not advising him that he was pleading guilty
to multiple charges, for inducing the guilty plea by threats, and for telling Applicant that he would
only serve up to three years of his prison sentence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to respond to Applicant's claims that his plea was rendered
involuntary because of counsel's alleged threats and ineffectiveness. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary due to counsel's ineffectiveness. Specifically, the trial court
shall make findings of fact addressing Applicant's allegation that his lawyer had him sign "blank
forms" and threatened that he would work with the District Attorney's office to have Applicant
sentenced for the maximum punishment. The trial court shall also make specific findings of fact as
to whether counsel made similar threats when Applicant's family was unable to pay the entire fee
for counsel's representation. The trial court shall also make specific findings of fact as to whether
counsel mis-advised him concerning the amount of time he would have to serve, whether counsel
explained that Applicant was pleading guilty to more than one charge, and whether Applicant's
guilty plea was induced by counsel's threats. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law and any
court documents associated with Applicant's guilty plea, shall be returned to this Court within 120
days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: April 6, 2011

Do not publish